UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . .
                                      .
Stephen J. Goodman                    .
                                      .
    Plaintiff/Defendant in Counterclaim, .  Civil Action No.
                                      .     08-11021-RGS
                                      .
        v.                            .
                                      .
David E. Belfort, Esq.                .
                                      .
    Defendant.                        .
                                      .
. . . . . . . . . . . . . . . . . . . .
                                      .
Corrigan, Bennett & Belfort, PC,      .
                                      .
    Plaintiff in Counterclaim,        .
                                      .
        v.                            .
                                      .
Stephen J. Goodman,                   .
                                      .
    Defendant in Counterclaim.        .
                                      .
. . . . . . . . . . . . . . . . . . . .

PLAINTIFF STEPHEN J. GOODMAN'S
MOTION AND MEMORANDUM SEEKING A JURY TRIAL IN THE FIRST INSTANCE
ON THE G.L. c. 93A CLAIM - COUNT II OF THE AMENDED COMPLAINT

*USDC(Mass.) LR 7.1(A)(2) statement*

Counsel to Stephen J. Goodman, plaintiff herein ("Goodman") has inquired of counsel for David E. Belfort ("Belfort" and Corrigan, Bennett and Belfort, P.C. ("CBB") as to their position on this motion. Counsel have been unable to resolve or narrow the issues.

*USDC(Mass.) LR 7.1(D) Request for Oral Argument*

Goodman believes that oral argument will assist the Court in its adjudication of the motion. Goodman wishes to be heard and requests that oral argument be scheduled. The parties are to appear for a pre-trial conference on April 8, 2010. Scheduling a short time for oral argument then would be an economical use of the parties' and the Court's resources.

### Introduction

1. On May 16, 2008, in Goodman's amended complaint filed before Belfort removed the case from Middlesex Superior Court, Goodman requested a jury trial, to include his 93A claim. He has never withdrawn this claim.

2. On November 2, 2010, the Court entered an electronic order denying Belfort's summary judgment motion for dismissal of Goodman's 93A claim. In part the Court stated "As is the court's customary practice, the court will decide this matter after hearing the evidence at trial, perhaps with an advisory opinion from the jury."

3. In this motion/memorandum Goodman is asking the Court to consider certain federal precedent and grant Goodman a jury trial in the first instance on his 93A claim.

4. The case is already marked for a jury trial on Goodman's legal malpractice claim against Belfort and CBB's claim against Goodman for attorney fees alleged to be due and owing. Thus,

with active jury participation already in play, the question of a jury trial in the first instance on the 93A claim involves matters of law and not the economics of a stand alone jury trial on a single claim in 93A.

### Argument

5. At least two judges of the U.S. District Court for the District of Massachusetts have allowed jury trials in the first instance on 93A claims. **National Union v. West Lake Academy**, 548 F.3d 8,13 (1st Cir. 2008) (Judge Young); **Bowen v. Caniero**, 490 F.3d 27, 28 (1st Cir. 2007) (Judge Gorton). To be perfectly clear, in neither of these two cases did the First Circuit address the jury trial issue. Rather the First Circuit merely reported in its description of procedure below that the trial court conducted a jury trial in the first instance on the 93A claims. Given the fact that the right to a jury trial is a constitutional issue, it is curious that the First Circuit, if it was opposed to the conduct of a jury trial in the first instance in federal court on a 93A claim, allowed the trial courts' conduct of those trials to go unchallenged. **In re Watson (Watson v.Boyajian)**, 403 F.3d 1, 7 (1st Cir. 2005) (a court of appeals has the discretion in exceptional circumstances to address an issue not raised below) Indeed, in January, 2008, Goodman's counsel defended a 93A claim at a jury trial before Judge Young.

6. By far, Judge Young is the leading proponent of jury

trials in the first instance on 93A claims. He has detailed his reasoning in the case of **MEEI v. QLT, Inc.**, 495 F.Supp.2d 188, 194-99 (2007), *affirmed on other grounds*, 552 F.2d 47, 50, 75 (1st Cir. 2009). In this 1st Circuit case the comment in the immediately preceding paragraph applies as well.

7. In short, Judge Young started with the proposition that the 7th Amendment and federal precedent [not the Massachusetts case of **Nei v. Burley**, 388 Mass. 307, 311-12 (1983) and its progeny] control the right to jury trial in the federal courts. He then cited to Judge Skinner's decision in **Puretest Ice Cream, Inc. v. Kraft, Inc.**, 614 F. Supp. 994 (D. Mass. 1985), in which that judge squarely addressed the Seventh Amendment right to trial by jury on a chapter 93A claim. Judge Skinner's reasoning, adopted by Judge Young, was that the U.S. Supreme Court has analyzed the right to trial by jury in a fashion different from the Massachusetts Supreme Judicial Court. Where **Nei** had looked for evidence that chapter 93A claims actually existed at common law, the Seventh Amendment simply requires "historical or analogous connection to claims triable to a jury." Judge young cited to **Chauffeurs, Teamsters and Helpers, Local No. 391**, 494 U.S. 558, 565 (1990); **Tull v. United States**, 481 U.S. 412, 417 (1987) (both confirming Judge Skinner's statement of the nature of the 7th amendment inquiry) to support this interpretation of

the 7th Amendment. **MEEI v. QLT, Inc.**, 495 F.Supp.2d at 194, 196, 197.

8. Judge Young found his 7th Amendment analytical "historical or analogous connection" in those 93A claims that sought actual and multiple damages. An action for damages is the traditional form of relief offered in courts of law where a jury trial was available. **Curtis v. Loether**, 415 U.S. 189, 196 (1974) [cited by the First Circuit in **Gallagher v. Wilton Enters, Inc.**, 962 F. 2d 120, 123 (1st Cir.1992)] Because 93A is a hybrid statute, providing for both legal and equitable relief, Judges Young and Skinner gave controlling weight to the remedy sought - actual and multiple damages - jury trial and injunctive relief - bench trial. **MEEI v. QLT, Inc.**, 495 F.Supp.2d at 197.

9. Judge Young recognized that there were those who would cite the case of **Wallace Motor Sales, Inc. v. American Motors Sales Corp.**, 780 F.2d 1049 (1st Cir. 1985) for the proposition that there is no jury trial right in the federal courts on a 93A claim. He, however, distinguished **Wallace**, by stating that, at its heart, **Wallace**, although in a 93A context, was really a **Beacon Theatres, Inc. v. Westover**, 359 U.S. 500 (1959) case, involving the relationship between jury and bench trials in which both legal and equitable claims were at issue. He went on to note that a federal court from New York agreed with his

analysis. **In re Friedberg**, 131 B.R. 6, 13 n. 7 (S.D.N.Y. 1991). **MEEI v. QLT, Inc.**, 495 F.Supp.2d at 194, 196.

10. In the present case, Goodman seeks only actual and multiple damages on his 93A claim. He seeks no injunctive relief. As for his claim for attorney fees in conjunction with the 93A claim,, Goodman does not seek a jury trial on that issue, because it is clearly one reserved for the Court.

### *Conclusion*

11. For all of the reasons heretofore detailed, Goodman requests that the Court enter an order

(1) granting him a jury trial in the first instance on his 93A claim; and

(2) for such other and further relief as is fair and just.

> PLAINTIFF,
> By his attorney,
>
> /s/ Joseph H. Reinhardt
> _____
> Joseph H. Reinhardt
> (BBO #416090)
> P.O. Box 6278
> Boston, MA 02114-9998
> (413) 245-9364

Dated: March 19, 2010

### Certificate of Service

I hereby certify that I have caused the within motion, etc. to be served by electronic service upon counsel to the defendant, William T. Bogaert, Esq. and Peri B. Karger, Esq., WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, 260 Franklin Street, 14th Floor, Boston, MA 02110 this 19th day of March, 2010.

> /s/ Joseph H. Reinhardt
> _____
> Joseph H. Reinhardt