UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
. . . . . . . . . . . . . . . . . . . .
                                        .
Stephen J. Goodman                      .
                                        .
    Plaintiff/Defendant in Counterclaim,.  Civil Action No.
                                        .  08-11021-RGS
                                        .
         v.                             .
                                        .
David E. Belfort, Esq.                  .
                                        .
    Defendant.                          .
                                        .
. . . . . . . . . . . . . . . . . . . .
                                        .
Corrigan, Bennett & Belfort, PC,        .
                                        .
    Plaintiff in Counterclaim,          .
                                        .
         v.                             .
                                        .
Stephen J. Goodman,                     .
                                        .
    Defendant in Counterclaim.          .
                                        .
. . . . . . . . . . . . . . . . . . . .
```

PLAINTIFF STEPHEN J. GOODMAN'S
MOTION AND MEMORANDUM SEEKING EXCLUSION OF CHARACTER EVIDENCE AS
TO PLAINTIFF STEPHEN J. GOODMAN

*USDC(Mass.) LR 7.1(A)(2) statement*

Counsel to Stephen J. Goodman, plaintiff herein ("Goodman") has inquired of counsel for David E. Belfort ("Belfort" and Corrigan, Bennett and Belfort, P.C. ("CBB") as to their position on this motion. Counsel have been unable to resolve or narrow the issues.

### *USDC(Mass.) LR 7.1(D) Request for Oral Argument*

Goodman believes that oral argument will assist the Court in its adjudication of the motion. Goodman wishes to be heard and requests that oral argument be scheduled. The parties are to appear for a pre-trial conference on April 8, 2010. Scheduling a short time for oral argument then would be an economical use of the parties' and the Court's resources.

### *Introduction*

1. On February 16, 2010, Belfort filed a supplement to his FRCP 26(a)(2) expert witness disclosure. In this supplement Belfort's expert regaled the Court with all manner of character attacks against Goodman made by counsel for Massachusetts School of Law ("MSL") in the state court case and trial that gave rise to Goodman's legal malpractice claim against Belfort.

### *Argument*

2. FRE 608 limits admissible character evidence to indicia of truthfulness or untruthfulness. **U.S. v. Bunchan**, 580 F.3d 66, 71 (1st Cir. 2009)

3. Further, the case law also provides for an FRE 403 analysis involving probative vs. prejudicial. *Id.* at 71-72.

4. Goodman recognizes that Belfort's expert wants to provide an alternative theory as to why the jury ruled against Goodman if, the claim against MSL, as the expert claims, was valid.

5.   Such an explanation can be presented to the jury by simply indicating that MSL, through its witnesses, made a number of character claims against Goodman at that trial.  It is a gross violation of both FRE 608 and 403 to allow in evidence the specific nature of the character claims MSL made against Goodman.

### Conclusion

6.   For all of the reasons heretofore detailed, Goodman requests that the Court enter an order

(1) excluding any evidence of character that does not comply with the restrictions of FRE 608 and 403; and

(2) for such other and further relief as is fair and just.

> PLAINTIFF,
> By his attorney,
>
> /s/ Joseph H. Reinhardt
> _____
> Joseph H. Reinhardt
> (BBO #416090)
> P.O. Box 6278
> Boston, MA 02114-9998
> (413) 245-9364

Dated: March 19, 2010

### Certificate of Service

I hereby certify that I have caused the within motion, etc. to be served by electronic service upon counsel to the defendant, William T. Bogaert, Esq. and Peri B. Karger, Esq., WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, 260 Franklin Street, 14th Floor, Boston, MA 02110 this 19th day of March, 2010.

> /s/ Joseph H. Reinhardt
> _____
> Joseph H. Reinhardt